# THE UNION HOTEL COMPANY, PLAINTIFF, *v.* THOMPSON HERSEE, DEFENDANT.

*Subscription to stock — failure of company to commence work within time specified in its charter, releases subscriber — such release not affected by an amendatory act.*

Defendant subscribed for stock in a corporation which was, by its charter, required to commence the construction of a hotel within two years from the date of its passage, and to complete the same within five years from commencing it, otherwise its franchise to be null and void. The company did not commence or complete the construction of the hotel within the time limited.

*Held,* in an action brought to recover defendant's subscription, that the defendant was thereby relieved from all liability on his subscription.

In 1873, before the expiration of the two years from the passage of the charter, an act was passed amending the charter so as to require the work to be commenced within five years, and to be completed within four years from its commencement.

*Held,* that this amendment in no way affected the defendant's subscription, as the same was in the nature of a contract which could not be altered without his assent, of which there was no evidence.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed for the plaintiff at the Erie Circuit.

The defendant was sued upon a subscription to the capital stock

of the plaintiff. The plaintiff was incorporated by special act, passed April 12, 1871 (chap. 432), with an authorized capital of $200,000, for the purpose of building a hotel in Buffalo.

The company was organized at a meeting of stockholders in 1871. The defendant subscribed for $5,000 to its capital stock, under a subscription having the following heading: " The undersigned subscribers hereto do hereby severally subscribe the amount set opposite our respective names, to the capital stock of the ' Union Hotel Company,' a corporation created under and by virtue of an act of the Legislature of the State of New York, passed, in the year 1871, entitled 'An act to incorporate the Union Hotel Company of Buffalo,' and provided the sum of $200,000 be subscribed by the citizens of Buffalo." Other subscriptions were made, bringing the amount subscribed up to $205,000. The company went on and contracted to buy premises on which to erect a ' hotel, and paid out a large sum of money for this and other expenses, but subsequently sold back the property to the vendors at a large loss. Mr. Jewett, the president, testified that the project of building the hotel had been substantially abandoned, though no formal action to that effect had been taken. The act of April 12, 1871, was amended March 24, 1873 (chap. 123), by extending the time for commencing the construction of the hotel five years from that date, and the time of its completion to four years from the time of commencing its construction.

In an action brought by the company to recover defendant's subscription, the defenses relied upon were : First. That $200,000 were not subscribed by citizens of Buffalo. Second. That the work of construction was not entered upon within the time limited by the act of incorporation, and that by reason thereof the defendant had been discharged from his obligation.

This action was tried at the Erie Circuit in March, 1877. After hearing the evidence and exceptions in the case, the court directed a verdict for plaintiff, and ordered that the entry of judgment be suspended, and that the exceptions be heard in the first instance at General Term.

*Bowens, Rogers & Locke*, for the plaintiff.

*Charles Beckwith* and *Grover Cleveland*, for the defendant.

NOXON, J.:

The plaintiff was incorporated under an act of the Legislature, passed April 12, 1871 (ch. 432), as a body corporate under the name of the "Union Hotel Company," with power to purchase real and personal property for the construction of a hotel in the city of Buffalo. The capital stock was $200,000, with power to the directors to increase the same to $500,000. The business of the company was to be managed by thirteen directors. Power also was given to borrow such sums of money as should be necessary for the purchase of lands and the construction of a suitable building. Section 7 of the act provided that the corporation shall commence the work of constructing such hotel within two years from the passage of the act, and complete the same within four years from the time of commencing the construction thereof; it further provided in said section, "if this section be not complied with the franchise hereby granted shall become null and void."

Section 8 provided the act should take effect immediately. The said section 7 was amended by an act passed March 24, 1873 (ch. 123), as follows: "Section 7. Such corporation shall commence the work of constructing such hotel within five years from the passage of this act, and complete the same within four years from the time of commencing the construction thereof. If this section be not complied with, the franchise hereby granted shall become null and void," and it was provided in said amended act that the same shall take effect immediately. By the provisions of the original act the time to commence the work of constructing such hotel expired April 12, 1873, and by the amended act such time expired March 28, 1878. The proofs in the case show that the lands were bought by contract, upon which lands a hotel was to be built, and that subsequently such lands by authority and resolution of the board of directors, passed February 2, 1876, was sold back to the parties of whom the land was bought. The president of the said Hotel Company testified, on the trial had March 2d, 1877: "The project of building a hotel has been, I suppose, substantially abandoned."

The time designated for the commencement of the construction of said hotel having expired under the act of 1871, is an important question bearing on the liability of the defendant in this action.

The action in this case was commenced on the 9th February, 1876. At that time the period in which the plaintiff was bound to commence the work of construction of the hotel had not expired under the amended act, and at that time no provision of the acts operated to make the franchise null and void. There is no evidence before the court from which it appears that the commencement of the construction of a hotel by such corporation had not been commenced prior to March 24, 1878. If such proof was before the court, under the authority of a number of leading cases in the Court of Appeals, judgment could not be ordered by this court in favor of the plaintiff and upon the exceptions sent to this court to be argued. If the corporation is null and void, and in the eyes of the law dead, any order for judgment in favor of the plaintiff would be absolutely void. The point, therefore, taken by the defendant, that the plaintiff has no standing in this court is not available here.

Another question raised is upon the liability of defendant upon his subscription, upon which the action is brought. The defendant signed a conditional subscription to take $5,000 of stock in the company. The condition was that $200,000 should be subscribed by the citizens of Buffalo. The act under which the subscription was made provided that the company should commence the work of constructing the hotel within two years from the passage of the act and complete the same in five years from the time of commencement of construction thereof. The fact was admitted on the trial, that plaintiff did not commence the work of constructing the hotel within two years, and did not complete the same in four years from the passage of the act of incorporation. The defendant's subscription was upon the terms and conditions provided by the act and the subscription.

The amendment passed in 1873 in no manner affected the defendant's subscription, which was in the nature of a contract which could not be altered without his assent, and there is no evidence of his assent. The motion for a nonsuit should have been granted on the ground alone that the construction of the hotel had not been commenced within two years after the passage of the act.

Again, the defendant asked to go to the jury on the question, whether $200,000 had been subscribed by the citizens of Buffalo;

also as to the residence of the subscribers of the stock. These requests were refused by the court, and the defendant excepted to each of the refusals. These questions were litigated on the trial and evidence given on both sides, and questions of fact were involved which entitled the defendants to take the verdict of the jury upon them. It was an error on the part of the court to deny these requests. The verdict of the jury should be set aside, and a new trial granted to the plaintiff, costs to abide the event.

Present — TALCOTT, P. J., SMITH and NOXON, JJ.

New trial ordered, costs to abide event.